IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHIRLEY WALKER,<br><br>**Plaintiff,**<br><br>v.<br><br>FRANK SANTANA; COLMADO SANTANA,<br><br>**Defendants.** | **CIVIL NO.** 14-1882 (FAB) |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**

BESOSA, District Judge.

    Plaintiff Shirley Walker filed suit against Frank Santana and his business, Colmado Santana, on December 3, 2014, and served the summons on defendant Frank Santana on December 5, 2014.  (Docket Nos. 1 & 5.)  Defendants have not answered the complaint. Plaintiff Walker now moves the Court to issue a temporary restraining order ("TRO").  (Docket No. 7.)

    Pursuant to Federal Rule of Civil Procedure 65 ("Rule 65"), a court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  To demonstrate irreparable injury, plaintiff Walker alleges in her affidavit that the property value of her home has decreased and her "rental stream has been interrupted" because of

Civil No. 14-1882 (FAB)                                                                 2

defendants' behavior. (Docket No. 7 at p. 25.) This type of economic harm, however, does not constitute "irreparable injury" because the financial loss can be remedied with money damages. See Sampson v. Murray, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.") Next, plaintiff Walker alleges in her motion that she is "returning to Puerto Rico in January and will be forced to endure hours of obnoxious music and loud drunk patrons camped out in front of her house." (Docket No. 7 at p. 6.) Plaintiff Walker states more generally in her affidavit that she will return to Puerto Rico for three months "in 2015." Id. at p. 25. Emotional distress that plaintiff Walker may suffer on an uncertain, future date falls short of Rule 65's requirement that "immediate and irreparable injury" will result "before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).

Thus, plaintiff Walker fails to carry her burden of making a clear showing that "immediate and irreparable injury" will result without a TRO. The Court therefore **DENIES** plaintiff's motion for a TRO, (Docket No. 7).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 30, 2014.

                                             s/ Francisco A. Besosa
                                             FRANCISCO A. BESOSA
                                             UNITED STATES DISTRICT JUDGE